UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHAEL D. GREEN, JR.                    CIVIL ACTION

VERSUS                                    NO. 23-359-BAJ-EWD

HALL DAVIS AND SONS, ET AL.

### ORDER

On May 10, 2023, Michael D. Green, Jr. ("Plaintiff"), who is representing himself and who is proceeding in forma pauperis,[1] filed this suit. Plaintiff names as defendants, Hall Davis and Sons ("Hall Davis"), "Ms. CeCiel," and Joy C. Green ("Green") (collectively, "Defendants").[2] According to the Complaint, after Plaintiff's brother, Nicholas Green ("Nicholas"), passed, Hall Davis had "unlawful possession" of Nicholas' remains. Plaintiff also alleges that the Defendants conspired to defraud Plaintiff in violation of 18 U.S.C. § 371, and several Louisiana statutes, by refusing to release Nicholas' remains or to produce a death certificate unless Plaintiff paid them "more than $2,500 dollars."[3] According to Plaintiff, he filed this suit to "deter Hall Davis from future corporate wrongdoing" and to "bring justice to his deceased brother's children." He is seeking "$400,000 in punitive damages."[4]

Unlike state district courts, which are courts of general jurisdiction that may hear all types of cases, federal courts may only entertain those cases over which there is federal subject matter jurisdiction. Federal subject matter jurisdiction may generally be established in two ways that are relevant to this case. First, this Court has subject matter jurisdiction over "civil actions arising under

---

[1] R. Doc. 5 (granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis).
[2] R. Doc. 1. According to the Complaint and other documents in the record, Hall Davis is a funeral home in Baton Rouge, Louisiana; Ms. CeCiel is the receptionist at Hall Davis, and Green is one of Plaintiff's sisters.
[3] R. Docs. 1 & 1-1 (cleaned up). The Louisiana statutes Plaintiff claims Defendants violated are (1) La. R.S. § 37:840 (which, according to Plaintiff, relates to "Deceptive Practice[s]"); (2) La. R.S. § 40:50(A) ("failure to produce a death certificate"); and (3) "§ 678 Cemeteries."
[4] R. Doc. 1, p. 4.

the Constitution, laws, or treaties of the United States."[5] This Court also has subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants).[6] The burden of establishing federal subject matter jurisdiction is on the party asserting it (here, Plaintiff).[7] A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[8] Even though Plaintiff checked the box on the Complaint form to indicate that the basis of subject matter jurisdiction is "federal question" and he cites to one federal statute,[9] Plaintiff has not adequately established subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity) based on the information provided.

    **I.**    **Plaintiff Has Not Established Federal Question Jurisdiction**

"[U]nder the well-pleaded complaint rule, a federal court has original … jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint."[10] The "complaint itself must 'raise issues of federal law sufficient to support federal question jurisdiction.'"[11] Put differently, a "federal question exists if there appears on the face of the complaint some substantial, disputed question of federal law."[12] "For the court to have federal-question jurisdiction, a plaintiff is not required to cite a specific federal provision, such as 42 U.S.C. § 1983, in his complaint, but he must allege facts sufficient to establish a colorable issue of federal law."[13] However, vague references to

---

[5] 28 U.S.C. § 1331.
[6] 28 U.S.C. § 1332.
[7] *Willoughby v. United States ex rel. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).
[8] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).
[9] *See* R. Doc. 1, § II(A).
[10] *Wells v. Johnson*, No. 14-755, 2015 WL 1097339, at *1 (M.D. La. Mar. 11, 2015).
[11] *Yan v. US Aviation Group, LLC*, 509 F.Supp.3d 642, 648 (E.D. Tex. Dec. 22, 2020), quoting *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993).
[12] *Hills v Our Lady of the Lake Hospital, Inc.*, No. 21-280, 2021 WL 4143932, at *2 (M.D. La. July 15, 2021) (internal quotations and citations omitted).
[13] *Id*. at *2 (citations omitted).

violations of unspecified federal laws are not enough to establish federal question jurisdiction under 28 U.S.C. § 1331.[14] Here, Plaintiff's Complaint states that the federal statute at issue in this case is "Conspiracy to Defraud 18 U.S.C. § 371."[15] Plaintiff has not established that this Court has federal jurisdiction over his claims because individuals do not have a private cause of action under 18 U.S.C. § 371, which is a federal criminal statute.[16] Federal crimes are subject to prosecution by the presiding office of the United States Attorney,[17] but a federal criminal statute does not generally provide a private, civil cause of action for Plaintiff to pursue the claims he has asserted in this suit.[18] Nor would state criminal violations be enough to establish a federal constitutional violation.[19] On the other hand, there is a private cause of action for a violation of the Racketeer Influence and Corrupt Organizations

---

[14] *JRV Services, LLC v. Doster Construction Company, Inc.*, No. 19-100, 2019 WL 5580984, at *4 (M.D. La. Sept. 19, 2019), quoting *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (cleaned up).

[15] R. Doc. 1, § II(A). Section 371 is a federal criminal statute titled, "Conspiracy to commit offense or to defraud United States," and it states: "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy…" 28 U.S.C. § 371.

[16] *See Cleveland v. Dripping Springs Ind. School Distr.*, No. 19-1256, 2020 WL 10054501, at *2 (W.D. Tx. Jun 24, 2020) ("18 U.S.C. § 371, conspiracy to commit offense or to defraud the United States, is a criminal statute. Federal courts have repeatedly held that violations of criminal statutes, including section 371, do not give rise to private causes of action. *See Pompura v. Paxton*, A-16-CV-1099-RP-ML, 2016 WL 11586260, at *3 (W.D. Tex. Sept. 30, 2016) (listing cases), report and recommendation adopted, 1:16-CV-1099-RP, 2016 WL 11586255 (W.D. Tex. Nov. 15, 2016); see also *Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (no private right of action under 18 U.S.C. § 371). Accordingly, because 18 U.S.C. § 371 fails to provide a private cause of action, Cleveland's section 371 claim should be dismissed."); *see also*, *Gill v. State of Texas*, 153 Fed. Appx. 261, 262-63 (5th Cir. 2005) ("[D]ecisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, Gill has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute ... Therefore, the district court did not abuse its discretion when it dismissed these claims as legally frivolous.") (citations omitted).

[17] To the extent Plaintiff believes that a federal crime has occurred, Plaintiff may report that crime to the Office of the United States Attorney for the Middle District. Likewise, to the extent Plaintiff believes a state crime has occurred, Plaintiff may report that crime to a local or state law enforcement agency.

[18] *See, e.g., Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) ("As we recently have emphasized, 'the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person.' *Cannon v. University of Chicago, supra*, 441 U.S., at 688, 99 S.Ct., at 1953.); *Blaney v. Ovard*, No. 11-223, 2011 WL 766606, at *1 (N.D. Tex. Feb. 8, 2011) ("Not only has plaintiff failed to adequately plead a violation of any state or federal criminal statute, but he cannot maintain a private right of action as a result of any such violation.").

[19] To state a claim for a civil rights violation, a plaintiff must show the violation of the Constitution or of a federal law—violations of state law are not sufficient. *See, e.g., Mantei v. City of San Antonio*, No. 15-1007, 2015 WL 13807317 (W.D. Tex. Dec. 3, 2015), citing *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005).

("RICO") Act, 18 U.S.C. § 1961, *et seq*.,[20] and a RICO claim can establish federal question jurisdiction.[21] However, to the extent Plaintiff is attempting to assert a RICO claim, he has not adequately alleged the elements of that claim.[22] Plaintiff does not provide enough facts to show that his Complaint presents a "colorable issue of federal law," under any of the bases that might be present giving him the benefit of liberal interpretation.

## II.     Plaintiff Has Not Established Diversity Jurisdiction

Plaintiff does not allege that this Court has diversity jurisdiction and, based on the facts alleged, it does not appear that he would be able to establish diversity jurisdiction in this case. To establish diversity jurisdiction over his claims, Plaintiff would need to adequately allege the citizenship of all parties and that his claims exceed the sum or value of $75,000, exclusive of interest and costs. The amount in controversy requirement appears met, as Plaintiff seeks "$400,000 in punitive damages."[23] However, Plaintiff has not (and likely cannot) show that he is a citizen of a different state than every Defendant.

---

[20] *United States v. Vasquez*, 899 F.3d 363, 374 (5th Cir. 2018), *as revised* (Aug. 24, 2018), *cert. denied*, 139 S. Ct. 1543 (2019) ("RICO is a hybrid statute authorizing criminal prosecution, 18 U.S.C. § 1963, civil enforcement, *id.* § 1964(b), and private civil actions, *id.* § 1964(c), for violations of its uniform set of prohibited activities, *id.* § 1962.).

[21] *See South Technical Diesel, Inc. v. Volvo Group North American, LLC*, 2011 WL 8300330, at *2 (S.D. Tex. March 3, 2011); *Inge v. Walker*, 2016 WL 4920288, at * 3 (N.D. Tex. Sept. 15, 2016) (a "RICO claim gives this Court original jurisdiction.").

[22] 18 U.S.C. § 1964 provides a civil cause of action for "[a]ny person injured in his business or property by reason of a violation of" RICO's substantive provisions. § 1962 lays out substantive violations. *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007), citing *Word of Faith*, 90 F.3d at 122 (quoting *In re Burzynski*, 989 F.2d 733, 741–42 (5th Cir.1993)) ("RICO claims under § 1962 have three common elements: '(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'")). To establish a pattern of racketeering activity requires a showing of "two or more predicate criminal acts that are (1) related and (2) 'amount to or pose a threat of continued criminal activity.'" *Id.*, citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989). "A plaintiff must allege specific facts concerning (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Robinson v. Standard Mortg. Corp.*, 191 F. Supp. 3d 630, 638 (E.D. La. 2016), citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *see also Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989) (finding that each of RICO's essential elements "is a term of art which carries its own inherent requirements of particularity"). To the extent that the threadbare allegations that Defendants "conspired to defraud" Plaintiff by refusing to release Nicholas' remains until Plaintiff paid them money and vague references to state criminal statutes could be construed as Plaintiff's attempt assert a RICO claim, he has not stated any specific facts to support the elements of a RICO violation.

[23] R. Doc. 1, § II(B)(3).

4

Plaintiff names individuals and an entity as Defendants. To adequately allege the citizenship of a person, requires an allegation of that individual's domicile.[24] "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."[25] Thus, Plaintiff must allege his own domicile and Ms. CeCiel's domicile to properly allege their citizenships.[26] Even if Plaintiff adequately alleged each individual's domicile, however, it does not appear that complete diversity between the parties would exist. Plaintiff alleges that he resides in Baton Rouge, Louisiana.[27] Assuming Plaintiff means that he is domiciled in Baton Rouge, Louisiana, Plaintiff also alleges that Hall Davis is a corporation incorporated under the laws of Louisiana which maintains its principal place of business in Louisiana.[28] If that information is correct,[29] Plaintiff and Defendant Hall Davis would both be citizens of Louisiana, such that Plaintiff would not be a citizen of a different state than every Defendant.

Although the Court will reserve its determination as to whether complete diversity exists until after Plaintiff has filed an amended complaint that sufficiently alleges the citizenships of all parties, it does not appear that the Court has diversity subject matter here because, as currently pleaded, the

---

[24] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted) ("For diversity purposes, citizenship [of an individual] means domicile; mere residence in the State is not sufficient.").

[25] *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996), citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

[26] Plaintiff adequately alleges that Joy Green is a citizen of Georgia. *Id*. at § II(B)(2)(a). This is a sufficient allegation for diversity purposes. *See* 28 U.S.C. § 1332(c). The Complaint contains no information about the citizenship of Plaintiff or Ms. CeCiel, but Plaintiff indicates that he and Ms. CeCiel reside in Baton Rouge. R. Doc. 1, § I.

[27] R. Doc. 1, § I(A). This allegation is not sufficient to establish Plaintiff's citizenship for diversity purposes because it appears to relate to Plaintiff's residence, which is not enough."

[28] R. Doc. 1, § II (B)(2)(b). Assuming Ms. CeCiel is also a citizen of Louisiana, this would also prevent the Court from exercising diversity jurisdiction.

[29] The records of the Louisiana Secretary of State suggests, Hall Davis & Sons Funeral Services, L.L.C. is a limited liability company, not a corporation:
 https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails.aspx?CharterID=672313_6705FF246E(last checked 5/29/2023). To properly allege the citizenship of a limited liability company, requires that each member be identified, and the citizenship of each member stated. *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 077, 1079-80 (5th Cir. 2008). Plaintiff is cautioned that the Louisiana Secretary of State records may not contain the names and citizenships of every member of Hall Davis; however, it appears that the members listed may also be citizens of the State of Louisiana.

parties do not appear to be completely diverse.

Instead of having his lawsuit dismissed at this time, Plaintiff will be given another opportunity to allege specific facts to show that this Court has subject matter jurisdiction over his claims, if possible.[30] Alternatively, Plaintiff may voluntarily dismiss this lawsuit without prejudice to refiling the claims in a proper court.[31]

Accordingly,

**IT IS ORDERED** that, by no later than **Tuesday, June 20, 2023**, Plaintiff Michael D. Green, Jr. must file an amended complaint on the standardized Complaint for a Civil Case,[32] stating specific facts to establish that this Court has federal subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity jurisdiction). If Plaintiff is attempting to show federal question jurisdiction, he must state facts to support each element of any federal claim. If Plaintiff is intending to show diversity jurisdiction, any amended complaint must state the citizenship of all parties, as explained in this Order.[33] Plaintiff is placed on notice that this lawsuit may be dismissed without further notice if the amended complaint fails show a basis for the Court's jurisdiction.

Plaintiff is also placed on notice than an amended complaint takes the place of the previous Complaint.[34] His amended complaint will be the operative complaint for this lawsuit and must include

---

[30] *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994). *See also, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

[31] This should not be construed as an acknowledgement by this Court that Plaintiff has any actionable and/or timely claims in this suit.

[32] *See* Civil Pro Se Form No. 1 (Rev. 12/16) Complaint for a Civil Case, attached and available at https://www.uscourts.gov/file/20129/download (PDF) or https://www.uscourts.gov/file/19088/download (Word).

[33] Plaintiff is advised that *Representing Yourself in Federal District Court: A Handbook for Pro Se Litigants* is available on the Court's website under the "Filing Without An Attorney" tab and also at http://www.lamd.uscourts.gov/sites/default/files/Pro%20Se%20Handbook%20v2019-2.pdf.

[34] *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986).

all defendants, claims, and facts. Plaintiff is instructed to place the cause number "3:23cv359" on the amended complaint and on all documents that he files in this lawsuit.

**ALTERNATIVELY,** if Plaintiff wishes to have his case dismissed in this Court to proceed in state court, which is a court of general jurisdiction, by no later than **Tuesday June 20, 2023**, he may file a Notice of Dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i). The Notice of Dismissal just needs to say that Plaintiff wishes to voluntarily dismiss the suit.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transmit this Notice and Order to Plaintiff by regular mail and by certified mail, return receipt at the address listed on PACER.

**Plaintiff is also placed on notice that the lawsuit may be dismissed without further notice if he fails to timely comply with this Order.**

Signed in Baton Rouge, Louisiana, on May 30, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**